UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHER'MON A. ALLEN,

    Plaintiff,

v.                                          Case No. 3:25cv180-LC-HTC

SERGEANT MARTIN, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Sher'mon A. Allen, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983, asserting claims arising from Defendant prison officials' confiscation of his property. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) for Allen's abuse of the judicial process in failing to truthfully disclose his litigation history.

I.     **Legal Standard**

Because Allen is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.     Failure to Accurately Disclose Litigation History

Question A of Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation," asks the following question: "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?"  Doc. 1 at 11.  Allen answered "yes" to this question but did not identify any cases specifically.  Instead, this is how he answered Question A:

> 1. Date: 2022 - 2023   Case #: _____
>
> Court: Panama City division _____
>
> Reason: failure to list previous cases _____

As a matter of course, the Court attempts to independently investigate whether litigants truthfully complete the complaint forms.  Upon such an investigation, the undersigned takes judicial notice that, in response to Question A, Allen failed to disclose at least two cases: *Allen v. Sutton, et al.*, 3:24-cv-252-LC-HTC, Doc. 15 (N.D. Fla. Sept. 10, 2024) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim) *report and recommendation adopted* Doc. 17 (Oct. 9, 2024) and *Allen v. Wallace, et al.*, 5:22-cv-238-TKW-MJF, Doc. 9 (N.D. Fla. Dec. 23, 2022) (dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) for maliciousness

and abuse of the judicial process for failing to disclose litigation history) *report and recommendation adopted* Doc. 13 (Jan. 4, 2023).

Although Allen identified "*Allen v. Sutton*" in response to Question C (Doc. 1 at 12-13), he did not provide any identifying information for that case and incorrectly stated it was disposed of by a voluntary dismissal. Regardless, each question on the complaint form serves a different purpose; in particular, Question A notifies the Court of cases that count as strikes under 28 U.S.C. § 1915(g) and cases where a defendant was never served. Therefore, Allen's *arguable* disclosure of *Sutton* in response to Question C is insufficient, especially since he never indicated it was dismissed as frivolous or prior to service. *See Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when plaintiff failed to truthfully disclose his litigation history by completely omitting one case and failing to disclose another case even though it was cited elsewhere in the complaint form). By failing to identify the true reason for the case's dismissal, Allen concealed the fact that it constituted a strike under § 1915(g).

Allen was aware of the need to accurately answer the questions on the complaint form regarding his litigation history because on January 4, 2023, a court in this District dismissed one of Allen's civil rights cases as malicious for failure to

Case No. 3:25cv180-LC-HTC

accurately disclose his litigation history.[1]  *See* N.D. Fla. Case No. 5:22-cv-238-TKW-MJF.  Moreover, despite these misrepresentations, at the end of the complaint, Allen signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct."  Doc. 1 at 14-15.

Based on the foregoing, this case should be dismissed without prejudice as malicious.  Allen's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  If Allen suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.  It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

---

[1] This Court's complaint form also expressly states: **"[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified."**  Although Allen used this Court's complaint form and is aware of its requirements, the scanned copy of the complaint Allen submitted was missing the page with this warning.

Case No. 3:25cv180-LC-HTC

As one judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Moreover, a plaintiff's litigation history is "useful to the court" because it provides the Court with information about strikes, other similar cases, and repetitious frivolous filings. *Casey v. Dixon*, 2024 WL 5340890, at *5-6 (N.D. Fla. Dec. 16, 2024), *report and recommendation adopted*, 2025 WL 240982 (N.D. Fla. Jan. 16, 2025) ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal"). Thus, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) for Allen's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 27th day of February, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:25cv180-LC-HTC